UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE BLALOCK,

                              Plaintiff,

        -v-                                              9:15-CV-45
                                                         (DNH/CFH)


J.T. SMITH, Superintendent, Shawagunk
Correctional Facility; HARRISON, Sergeant,
Shawagunk Correctional Facility; INES
FERNANDEZ, Inmate Grievance Program
Supervisor, Eastern Correctional Facility;
BERNDT J. LEIFELD, IGRC Sergeant, Eastern
Correctional Facility; DANIEL R. PARKHURST,
Security Sergeant, Eastern Correctional Facility;
PAUL T. MENARD, Security Sergeant, Eastern
Correctional Facility; DOUGLAS M. PADGETT,
Correctional Officer, Eastern Correctional
Facility; SGT. LELLECK; and LANGE,
Sergeant, Shawangunk Correctional Facility,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:

MAURICE BLALOCK
Plaintiff pro se
97-A-4810
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

HON. BARBARA D. UNDERWOOD                    JOHN F. MOORE, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

Pro se plaintiff Maurice Blalock brought this civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2018, the undersigned issued a Decision and Order adopting the Report-Recommendation issued by the Honorable Christian F. Hummel, United States Magistrate Judge. The March 19, 2018 Decision and Order granted in part and denied in part defendants' motion to dismiss. ECF No. 58. Plaintiff now moves for reconsideration of the March 19, 2018 Decision and Order relating to the dismissal of Gene Niles as a defendant. Defendants opposed the motion for reconsideration and plaintiff replied. The motion was considered on its submissions without oral argument.

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The purpose of reconsideration is not for "advanc[ing] new facts, issues or arguments not previously presented to the Court." In re Gildan Activewear, Inc., No. 08 Civ. 5048, 2009 WL 4544287, *2 (S.D.N.Y. Dec. 4, 2009).

Additionally, a motion for reconsideration should not be granted if the moving party "seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Lichtenberg v. Besicorp Grp., Inc., 28 Fed. App'x 73, 75 (2d Cir. 2002). "In this district, there are only three circumstances under which a court will grant a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice." Shaughnessy v. Garrett, No. 5:06-CV-103, 2011 WL 1213167, *1 (N.D.N.Y. Mar. 31, 2011).

Plaintiff's retaliation and due process claims against defendant Niles were previously considered and decided. Plaintiff alleged that Niles affirmed a Tier II disciplinary determination finding plaintiff guilty in retaliation for plaintiff filing grievances. Plaintiff's retaliation and due process claims against defendant Niles were found to be supervisory in nature (i.e. that he lacked personal involvement) and therefore all claims asserted against Niles arising from that disciplinary hearing were dismissed. ECF No. No. 44, p. 26-27; ECF No. 58, p. 2-3. There is no basis on which to reconsider the prior ruling.

Therefore, it is

ORDERED that

Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

United States District Judge

Dated: November 9, 2018
        Utica, New York.