U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY - 6 2019
AT____O'CLOCK____
John M. Domurad, Clerk - Utica

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MAURICE BLALOCK,

                              *Plaintiff*,

-against-

J T SMITH; UNKNOWN HARRISON; INES
FERNANDEZ; BERNDT J LEIFELD; DANIEL R.
PARKHURST; SANTIAGO R. CRUZ; PAUL T.
MENARD; ALEX LANGE; THOMAS GRIFFEN; GENE
NILES; JOHN LELLEK,

                              *Defendants*.

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

15-CV-0045

DNH/CFH

---

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff and defendants Joseph T. Smith, Robert Harrison, Alex Lange, John Lellek, Ines Fernandez, Berndt J. Leifeld, Daniel R. Parkhurst, Paul T. Menard, and Douglas M. Padgett parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1.    Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorneys' fees, and discharges and releases the settling defendants, Joseph T. Smith, Robert Harrison, Alex Lange, John Lellek, Ines Fernandez, Berndt J. Leifeld, Daniel R. Parkhurst, Paul T. Menard, and Douglas M. Padgett, and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or

causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents, except as specifically provided in paragraph 5 of this settlement.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this stipulation of settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

4. This stipulation of settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to herein. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to, any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation of settlement, and its being ordered by the Court:

(1) The Department of Corrections and Community Supervision (DOCCS) shall issue a "pass" to plaintiff, which plaintiff may carry, which will indicate, in substance, that plaintiff's pants have been hemmed in accordance with DOCCS Directive 3081, paragraph (IV)

(F); and

(2) Defendants shall pay to plaintiff Three Hundred and Fifty Dollars ($350.00) in full settlement of any and all claims, other than described in paragraph 5(1) above, which amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's check will be mailed to Cayuga Correctional Facility for deposit in plaintiff's inmate account, or, in the event plaintiff is transferred prior to the issuance of the check, to the correctional facility in which he is incarcerated at the time the check is mailed.

6. Payment of the amounts specified in paragraph 5 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

7. Payment of the amount referenced in paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by counsel of a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the periods set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff.

9. This stipulation shall be null and void if the approvals referred to in paragraph 6 are not obtained, and these actions shall then be placed back on the trial calendar without prejudice.

10. The foregoing constitutes the entire agreement of the parties.

Dated: Albany, New York
April 11, 2019

_____
Maurice Blalock
Plaintiff

Dated: Albany, New York
April 11, 2019

_____
Daniel Rubin
Farrell Fritz P.C.
19 Dove St.
Ste 202
Albany, New York 12210

Dated: Albany, New York
April 15, 2019

_____
Charles J. Quackenbush
Deputy Counsel for DOCCS
The Harriman State Campus, Building 2
1220 Washington Ave.
Albany, New York 12226

Dated: Albany, New York
April 11, 2019

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By: _____
John F. Moore
Assistant Attorney General, of Counsel
Telephone: (518) 776-2293
Email: john.moore@ag.ny.gov

4

Dated: ~~Albany~~ Utica, New York
May 6, 2019

SO ORDERED:

_____
HON. DAVID N. HURD
UNITED STATES DISTRICT JUDGE